IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DRJ GROUP, INC. | ) | CASE NO. 23-51346-MMP |
|     DEBTOR | ) | |
| _____ | ) | |
| | ) | |
| DRJ GROUP, INC. | ) | |
|     PLAINTIFF | ) | |
| | ) | ADVERSARY NO. _____ |
| V. | ) | |
| | ) | |
| FOX CAPITAL GROUP, INC. | ) | |
|     DEFENDANT | ) | |

## COMPLAINT

TO THE HONORABLE MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE:

DRJ Group, Inc., ("DRJ" or "Plaintiff") files Objections to Claim filed by Fox Capital Group, Inc. ("FCG" or "Defendant"). Plaintiff further seeks relief under Bankruptcy Rule 7001 by way of counterclaims against FCG. In support thereof, the Plaintiff alleges as follows:

### FCG'S CLAIM NO. 12

1. FCG asserts a secured claim in the amount of $81,030.00 based on a Future Receivables Sale and Purchase Agreement. FCG asserts it is fully secured by a lien on accounts and purchased receipts.

### DRJ'S OBJECTIONS TO FCG'S CLAIM NO. 12

2. To the extent the debt is owed, DRJ asserts the claim is totally unsecured. DRJ further denies the monies are owed.

## COUNTERCLAIM

3. In compliance with Bankruptcy Rule 3007(b), DRJ and Counter-Plaintiff files this Counterclaim against FCG.

## PARTIES

4. DRJ operates a catering service.

5. DRJ filed its voluntary bankruptcy under chapter 11 of title 11 of the United States Code (as amended, the "Code") on October 2, 2023. (the 'Petition Date") in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

6. FCG is a New York Domestic Limited Liability Company. FCG may be served by delivering summons and a copy of this Complaint on its registered agent at 300 E. 50th Street, Suite 6 J, New York, NY 10021 and its attorney of record Shanna M. Kaminski, Kaminski Law, PLLC, P.O. Box 247 Number Street, Grass Lake, MI 49240

## JURISDICTION AND VENUE

7. DRJ brings this adversary proceeding pursuant to rule 7001(3) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Court has jurisdiction over this Adversary Proceeding pursuant to section 1334 of title 28 of the United States Code and the October 4, 2013 Standing Order of Reference of Bankruptcy Cases and Proceedings. The Court may enter final orders and judgments with respect to this proceeding, as it is a core proceeding pursuant to section 157(b)(2)(A), (B) and © of title 28 of the United States Code. Venue is proper in this District pursuant to section 1409(a) of title 28 of the United States Code.

## BACKGROUND FACTS

8. DRJ on or about July 5, 2023, signed a Future Receivables Sale and Purchase Agreement in favor of Fox Capital Group, Inc. The cover story was that FCG "purchased $88,000" of future accounts receivables of DRJ for the advance $60,000 (or less). Debtor was to collect these receivables and pay FCG a daily payment. This was regardless of whether Debtor had or even received that amount of receivables.. The original principal amount of the Loan was $60,000.00 (the alleged purchase price of the receivables) The stated interest rate on the Loan is 12.0%. The Loan was to be repaid in daily payments of $740.00 per day. The Loan was alleged to be secured by a lien on DRJ's accounts and purchased receipts.

9. DRJ made daily (except weekends) payments to FCG from 1/31/23 to 7/20/23 to as follows:

    a)     $740.00     10 payments

    b)     $370.00     30 payments.

    c)     $1,850.00     12 payments

    d)     $925.00     2 payments

The payments totaled $42,550. Despite this, FCG filed proof of claim for $81,030.00.

10. According to the agreement, the Debtor was to repay the $88,000 over a period of six months. DRJ asserts that FCG's interest portion of at least $28,800 (repayment amount minus the Purchase Price) represents 48% interest of their principal amount of $60,000. Over a mere six months, the annualized interest rate is 96%.

11. DRJ filed bankruptcy on October 2, 2023. FCG was notified of the bankruptcy

and filed a claim.

12. DRJ has given FCG the require notices of its violations of the Texas Finance Code prior to filing this lawsuit, and afforded FCG ample opportunity to correct such violations, all to no avail. Accordingly, all conditions precedent to the filing of this lawsuit, and for recovery of statutory damages have occurred.

### COUNTERCLAIM NO. 1 - USURY

13. FCG entered into a loan agreement which provided for the charging and payment of usurious interest. FCG contracted for, charged, and/or received interest which grossly exceeds the amount authorized by law. DRJ is entitled to recover three times the usurious interest contracted for charged and/or paid or the lesser of $2,000.00 or 20% of the principal.

14. Additionally, FCG also contracted for, charged and/or received interest in an amount more than twice that allowed by law. Accordingly, FCG is liable to DRJ for the principal amount on which interest was charged and received, and for interest and all other amounts charged and received.

### COUNTERCLAIM NO. 2 - ACCOUNTING

15. DRJ requests that the court compel FCG to provide an accounting for all payments made by DRJ on the loan transaction, as applied by FCG to principal and interest.

### COUNTERCLAIM NO. 3 - UNIFORM DECLARATORY JUDGMENTS ACT

15. In conjunction with, and pursuant to the provisions of the Uniform Declaratory Judgments Act, 37.001 et. seq. of the Texas Civil Practice and Remedies Code, DRJ seek a

declaratory judgment from this Court that, because FCG's loan agreement is usurious, the lien taken by FCG to secure the loan should be set aside, cancelled, and be judicially declared void and of no effect.

**PRAYER**

For the above reasons, Defendant's Proof of Claim should be disallowed, and that Plaintiff be granted judgment against Defendant on Plaintiff's counterclaims as follows:

(a) Judgment against Defendant for a sum to be determined, awarding Plaintiff the usurious penalties allowed by statute and common law.

(b) In the alternative, should Plaintiff not obtain all relief sought, that the Court allow Plaintiff an offset for all amounts awarded Plaintiff against Defendant.

(c) Judgment in favor of Plaintiff declaring all notes, security agreements and other documents executed by Plaintiff in favor of Defendant, void and of no force and effect.

(d) Judgment awarding Plaintiff reasonable and necessary attorneys' fees as allowed by statute for asserting and protecting Plaintiff's legal rights and claims in this matter, both through trial and any subsequent appeals, as well as any court costs and expenses incurred in the prosecution of this lawsuit.

(e) Pre-judgment and post-judgment interest as allowed by law; and

(f) Such other relief as the Court finds just.

Respectfully Submitted,

/s/Dean W. Greer
DEAN W. GREER
West & West Attorneys at Law, P.C.
2929 Mossrock, Suite 204
San Antonio, Texas 78230
Telephone No. (210) 342.7100
Telecopier No. (210) 342.3633
State Bar No. 18414100
Attorney for the Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Complaint was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and mailed to the following by certified mail, return receipt requested and by regular mail to the party below:

Fox Capital Group, LLC
300 E. 50th Street, Suite 6 J,
New York, NY 10021

and its attorney of record
Shanna M. Kaminski
Kaminski Law, PLLC,
P.O. Box 247 Number Street
Grass Lake, MI 49240

/s/Dean W. Greer
DEAN W. GREER